NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Crim. No. 04-725 (WHW) |
| : | |
| GERALD OROCIO, : | |
| : | |
| Defendant. : | |

**Walls, Senior District Judge**

Gerald Orocio moves the Court for a writ of error <u>coram nobis</u> seeking to vacate his 2004 conviction in this Court for possession of methamphetamine. The Government opposes the motion. Pursuant to Rule 78.1 of the Local Rules, the Court decides the motion without oral argument. The motion is denied.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Orocio was born in the Phillippines in 1977. He became a lawful permanent resident of the United States on September 4, 1997. Mr. Orocio is fluent in English and currently resides in Aliso Viejo, California. He works as a Warehouse Lead, managing a warehouse for Toshiba, and is engaged to be married to a lawful permanent resident of the United States.

On October 3, 2003, Mr. Orocio was arrested in New Jersey and charged with drug trafficking. He was initially assigned a public defender, but he fired her because she wanted him to plead guilty and serve a ten-year sentence. He hired a private attorney, Joseph A. Portelli, to represent him in the criminal proceeding.

NOT FOR PUBLICATION

Mr. Orocio states that on or about October 7, 2004, Mr. Portelli told him that the Government had agreed to a plea agreement in which he would be charged with controlled substance possession instead of drug trafficking and subject to a sentence of time served and two years of supervised release.  Mr. Orocio agreed to enter into this plea agreement.  On October 5, 2004, Mr. Orocio plead guilty in this Court to one count of possession of a controlled dangerous substance (methamphetamine).  On March 10, 2005, Mr. Orocio was sentenced by this Court to time served and two years of supervised release.

Mr. Orocio claims that Mr. Portelli did not advise him that he would face mandatory deportation if he accepted the plea agreement.  Mr. Portelli says that if he had been so advised, he would not have accepted the plea, but instead would have asked Mr. Portelli to see if another plea agreement avoiding deportation was possible.  If not, Mr. Orocio asserts that he would have taken his case to trial.

Mr. Orocio represents that he first became aware that he would be placed in deportation hearings when he received a letter from Immigration Court in Los Angeles telling him that he was scheduled for a hearing.  He then consulted with his current attorney, John Alcorn, an immigration law specialist, who told him that he was in removal proceedings because of his conviction for controlled substance possession and was facing mandatory deportation.  Mr. Orocio's next Immigration Court hearing is scheduled for January 20, 2010.

## STANDARD OF REVIEW

The writ of error coram nobis is an "extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope."  United States v. Stoneman, 870 F.2d 102, 106

NOT FOR PUBLICATION

(3d Cir. 1989).  The United States Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."  Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).

Writs of error coram nobis should only be issued where an earlier proceeding contained "errors of fact 'of the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid.'"  United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)).  In addition to this "cardinal requirement," a coram nobis petitioner must also show that "(1) he is suffering from continuing consequences of the allegedly invalid conviction; (2) there was no remedy available at the time of trial; and that (3) sound reasons exist for failing to seek relief earlier."  United States v. Babalola, 248 Fed. Appx. 409, 412 (3rd Cir. 2007) (citations and internal quotation marks omitted).  An earlier proceeding "is presumptively correct, and the petitioner bears the burden to show otherwise."  Babalola, 248 Fed. Appx. at 412 (citing Cariola, 323 F.2d at 184).

The Third Circuit has held that ineffective assistance of counsel can constitute a fundamental error giving rise to the issuance of a writ of error coram nobis  See United States v. Rad-O-Lite of Philadelphia, Inc., 612 F.2d 740, 744 (3d Cir. 1979).  To establish a claim for ineffective assistance of counsel, the two-part test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) requires a petitioner to show that "(1) counsel's representation fell below an objective standard of reasonableness and (2) that there was a reasonable probability that, but for counsel's error, the result of the proceeding would have

NOT FOR PUBLICATION

been different." United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989) (citing Strickland, 466 U.S. at 687-96). Courts may address the Strickland prongs in any order, and where it is "easier to depose of an ineffectiveness claim on the second ground, that course should be followed." Nino, 878 F.2d at 105.

The Third Circuit has not yet ruled as to whether an attorney's failure to advise his client about the immigration consequences of a guilty plea can generally constitute deficient representation under the first Strickland prong. See United States v. Elcheikhali, No. 09-cv-1033, 2009 U.S. Dist. LEXIS 103748, at *8 (D.N.J. Nov. 6, 2009) ("The Third Circuit has not ruled on whether or not an attorney must inform his client of possible immigration proceedings in order to comply with the Sixth Amendment.") (citing Nino, 878 F.2d at 105). Under the second Strickland prong, a petitioner must show a reasonable probability that, but for his counsel's errors, (1) he would not have plead guilty but would have instead proceeded to trial, and (2) he would not have been convicted at trial. See Babalola, 248 Fed. Appx. at 413; Nino, 878 F.2d at 105.

## DISCUSSION

Mr. Orocio argues that his counsel at the time he entered into his plea agreement, Mr. Portelli, should have assisted him with pleading guilty in accordance with the Federal First Offender Act, 18 U.S.C. § 3607. Mr. Orocio contends that if he had plead guilty under this statute, he would have been eligible for deferred prosecution and the charges against him would have been dismissed, removing the prospect of deportation that he is now facing. Mr. Orocio

NOT FOR PUBLICATION

also claims that Mr. Portelli rendered deficient representation by failing to advise him that his guilty plea would make him mandatorily deportable.

The Court rejects Mr. Orocio's argument because the second prong of Strickland requires him to show that, but for his counsel's errors, there is a reasonable probability that he would not have plead guilty and that he would not have been convicted at trial.  Mr. Orocio has failed to show this.  To the contrary, Mr. Orocio has not disputed the accuracy of the underlying facts giving rise to his guilty plea. Because Mr. Orocio has admitted in open court that he was guilty of the crime of which he was convicted and does not now challenge his guilt (but merely asserts that a more favorable plea deal could have been negotiated on his behalf), the Strickland test is not satisfied and Mr. Orocio's motion cannot prevail.  See, e.g., Adams v. United States, No. 06-cv-3398, 2007 U.S. Dist. LEXIS 38584, at *18 (D.N.J. May 29, 2007) (noting that the petitioner "never denied his guilt" and finding that the defendant did not show that the outcome would have been different if he had proceeded to trial); Evola v. Carbone, 365 F. Supp. 2d 592, 600-01 (D.N.J. 2005) (noting that the defendant had admitted at his plea hearing that he was guilty and had received certain considerations as a result of his plea, undermining his contention that he would have elected to proceed to trial and would have been found not guilty but for his counsel's alleged ineffective assistance).

## CONCLUSION

The Court denies Mr. Orocio's motion for a writ of error coram nobis.

January 6, 2010                                           **s/ William H. Walls**
                                                                            United States Senior District Judge